IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONALD BROWN,**

    Plaintiff,

v.                                               Civil Action No. 3:10CV613

**ALVIN EUGENE HARRIS, et al.,**

    Defendants.

**MEMORANDUM OPINION**

Plaintiff Ronald Brown, a Virginia inmate proceeding pro se and in forma pauperis, brings this action.[1] Brown alleges that Defendants violated his rights under the Eighth Amendment.[2] Specifically, Brown asserts:

| | |
|---|---|
| Claim One | Nurse Moore denied Brown adequate medical care for his broken ankle on April 29, 2007.[3] |
| Claim Two | Dr. Harris failed to provide Brown with adequate medical care for his broken ankle between April 29, 2007 and May 4, 2009. |

The matter is before the Court on Dr. Harris's Motion for Summary Judgment and the Court's authority under 28 U.S.C.

---

[1] Brown names as defendants Dr. Alvin Eugene Harris, a physician at Southhampton Correctional Center ("SHCC"), and Audrey Moore, a nurse at SHCC.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] In his Complaint, Brown complained that he broke his leg. (Compl. ¶ 7.) In his subsequent submissions, Brown specifies that he broke his ankle. (Pl.'s Mem. Opp'n Mot. Summ. J. 1.)

§ 1915(e)(2) to dismiss frivolous claims. For the reasons that follow, Claim One will be dismissed as barred by the relevant statute of limitations and Claim Two will be dismissed for lack of merit.

### I. SUMMARY OF ALLEGATIONS

As pertinent here, Brown alleges:

> [O]n or about April 29, 2007, when plaint[iff] was playing baseball, he broke his leg. When he went to Moore for treatment of his wounds, she, on said date, only treated plaintiff by applying an ice pack and giving him 200 mg of Advil, despite the fact his leg was broken. Therefore, Moore demonstrated deliberate indifference towards plaintiff's serious medical need. Inter alia, thereby violating plaintiff's Constitutional Rights under the Eighth Amendment to the federal Constitutional to be [exempt] from the unnecessary and wanton infliction of pain.
> Notwithstanding said duty, on or about April 29, 2007 through on or about May 4, 2009, despite having adequate knowledge that plaintiff on April 29, 2007, suffered substantial tra[u]ma to his right leg, Harris refused to examin[e] plaintiff. Therefore Harris demonstrated deliberate indifference towards plaintiff's serious medical need. Inter alia, thereby violating plaintiff's Constitutional Rights under the Eighth Amendment to the Federal Constitution to be [exempt] from the unnecessary and wanton infliction of pain.

(Compl. ¶¶ 7, 8 (paragraph number omitted).) Brown demands $100,000.00 in monetary damages.

### II. STATUTE OF LIMITATIONS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court

determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). These standards permit the Court to sua sponte dismiss claims that are clearly barred by the relevant statute of limitations. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-57 (4th Cir. 2006); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995).

Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, the courts borrow the personal injury statute of limitations from the relevant state. Nasim, 64 F.3d at 955 (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. See Va. Code Ann. § 8.01-243(A) (West 2011). Hence, Brown was required to have filed his complaint within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, United States v. Kubrick, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." Almond v. Sisk, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting Nasim, 64 F.3d at 955).

Brown's claim pertaining to the denial of adequate medical care by Nurse Moore accrued as of April 29, 2007, the date he

was denied adequate medical care by Nurse Moore.[4] See Stout v. Meletis, No. 3:09CV537, 2010 WL 3656955, at *2 (E.D. Va. Sept. 14, 2010). Thus, for this claim to be timely, it must have been filed by Wednesday, April 29, 2009. Brown did not file the present action until, at the earliest, August 20, 2010.[5] See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing). Therefore, Claim One is barred by the statute of limitations and will be DISMISSED.

## II. DR. HARRIS'S MOTION FOR SUMMARY JUDGMENT

### A. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact.

---

[4] Brown does not allege facts suggesting that Nurse Moore had any responsibility for his health care after this date.

[5] This is the date that Brown executed his Complaint, (Compl. 6-7), and presumably handed it to prison officials for mailing.

4

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)). The Supreme Court has interpreted Rule 56(e) as requiring "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In support of his Motion for Summary Judgment, Dr. Harris submitted his affidavit and a copy of Brown's medical record. Brown attached to his Memorandum in Opposition to the Defendant's Motion for Summary Judgment a document he labeled as an affidavit. However, the puntative affidavit does not indicate, as it must, that it was signed before a notary after the notary administered an oath or under penalty of perjury.

5

See Strong v. Johnson, 495 F.3d 134, 140 (4th Cir. 2007); Hicks v. Johnson, No. 3:09cv413, 2010 WL 3665682, at *5 n.7 (E.D. Va. Sept. 9, 2010). Thus, at best, it is unsworn argument. Therefore, the putative affidavit may not be considered in opposition to the motion for summary judgment. See United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument does not constitute evidence).

In light of the above authorities and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment. All reasonable inferences are drawn in Brown's favor.

**B. Summary of Pertinent Facts**

Dr. Harris learned of Brown's ankle injury on May 3, 2007. (Def.'s Mem. Supp. Mot. Summ. J. Ex. A. ¶ 4.) From that date until November of 2008, when Brown was transferred to the Coffeewood Correctional Center, Dr. Harris attended to Brown's health care needs, including Brown's ankle. (Id.) After learning of Brown's injury, Dr. Harris referred Brown "for orthopedic consultations for initial treatment of the break and months later for surgery, rendered post-operative care, and arranged for [Brown] to acquire special shoes and boots to accommodate his injury." (Id. ¶ 5.) Dr. Harris did not treat Brown following Brown's transfer to Coffeewood Correctional Center in November of 2008. (Id. ¶ 6.)

6

### C. Analysis

Brown bears the burden of proof of demonstrating that Dr. Harris acted with deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Brown has not met that obligation. In that circumstance, there is "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 323 (quoting former Fed. R. Civ. P. 56(c)); see Malone v. Ford, No. 3:06CV500, 2007 WL 6080431, at *2-3 (E.D. Va. Aug. 24, 2007). Accordingly, Dr. Harris's Motion for Summary Judgment (Docket No. 16) will be GRANTED. Claim Two and the action will be DISMISSED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Brown and counsel of record.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 3, 2012